UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------x
BRONINA RUSLANA OLEGOVNA,

        NOT FOR PUBLICATION

        Plaintiff,

**MEMORANDUM AND ORDER**

    -against-

16-CV-586 (KAM)

PRESIDENT OF THE RUSSIAN FEDERATION
VLADIMIR VLADIMIROVICH PUTIN; PRIME
MINISTER OF UKRAINE ARSENY PETROVICH
YATSENYUK; INTERNATIONAL MONETARY
FUND; and AZAROV NIKOLAI YANOVICH,

        Defendants.
-----------------------------------x
**MATSUMOTO, United States District Judge:**

      Plaintiff Bronina Ruslana Olegovna, a citizen of

Ukraine, filed this *pro se* action on February 1, 2016. (ECF No.

1, Complaint "Compl.".) Plaintiff's request to proceed *in forma*

*pauperis* is granted for the limited purpose of this Order, but

for the reasons set forth below, the action is dismissed with

prejudice.

**BACKGROUND**

      The complaint alleges that Vladimir Putin, the

"President of the Russian Federation," ("Putin") as well as

"Ukrainian corrupt officials" identified as former Ukrainian

Prime Ministers Nikolai Azarov ("Azarov") and Arseniy Yatsenyuk

("Yatsenyuk"), conspired to "deceive the people of Russia and

Ukraine and the world community, including international

1

financial institutions" regarding a $3 billion loan from Russia to Ukraine. (Compl. at 2, 4, 6.) The specific nature of this deception and the alleged harm are not clear from the complaint. It appears that plaintiff believes that the alleged loan agreement violated Russian law; Articles 8, 9, 10, 12, 13, 19, 24, and 34 of the United Nations Convention against Corruption; and Article 17 of the Universal Declaration of Human Rights. (*Id.* at 3-5, 7-8.)

Plaintiff further alleges that another defendant in this action, the International Monetary Fund ("IMF"), "has violated [plaintiff's] rights, having ignored [plaintiff's] repeated appeals . . . about taking measures against systematic falsification and corruption, forgery and exceeding official authority by all parties to the process of unpaid listing of the Ukrainian bonds on the Irish Stock Exchange and transfer of $3 billion from Russia to the National Bank of Ukraine as a Christmas gift . . . ." (*Id.* at 6.)

In what appears to be a jurisdictional statement, the complaint alleges that plaintiff is "[g]uided by" the "Foreign Relations Authorization Act, according to which a foreign citizen can complain to the US court on the foreign country or the officials of his country in case of, if have been violated fundamental principles of international law, protecting human

rights, in accordance with Article III, Section 2 of the US Constitution." (*Id.* at 1.)  The complaint asserts that plaintiff is a citizen of Ukraine who resides in Kiev, Ukraine. (*Id.*)  Plaintiff seeks injunctive relief including investigation into, and recognition of, the claims alleged in the complaint. (*Id.* at 9-10.)

Multiple documents in a Cyrillic script are attached to the complaint as exhibits.  Two documents written in English are prepared on letterhead for the "International Anti-Corruption Court" and signed by "Ruslana Bronina," who is identified in one English-language exhibit as the "Executive Director of International anti-corruption court" and in another exhibit as "Co-Chief of International anti-corruption court." (*Id.* at 29-32.)  Both letters are addressed to the Managing Director of the International Monetary Fund.  One is entitled "Complaint – protest against financial fraud of V. Putin at the expense of EU and US taxpayers." (*Id.* at 29.)  The other is identified as "Statement on the recognition of the debt in the amount of $ 3 billion. Ukraine before Russia as a corrupt" [sic].  (*Id.* at 31.)

## LEGAL STANDARD

A district court shall dismiss an *in forma pauperis* action where the court determines that the action "(i) is

frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). An action is deemed frivolous as a matter of law when, *inter alia,* it "lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint." *Livingston v. Adirondack Beverage Co.,* 141 F.3d 434, 437 (2d Cir. 1998) (internal citations omitted).

Because plaintiff is proceeding *pro se,* her complaint is held to less stringent standards than pleadings drafted by lawyers, *see Erickson v. Pardus,* 551 U.S. 89, 94 (2007), and the court is obliged to construe her pleadings liberally and to interpret them as raising the strongest arguments they suggest. *See Pabon v. Wright,* 459 F.3d 241, 248 (2d Cir. 2006). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the court must grant leave to amend the complaint. *See Cuoco v. Moritsugu,* 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation marks and citation omitted).

Nevertheless, a plaintiff seeking to bring a lawsuit in federal court must establish that the court has subject matter jurisdiction over the action. If the court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *accord Yong*

*Qin Luo v. Mikel,* 625 F.3d 772, 775 (2d Cir. 2010); *see also Chestnut v. Wells Fargo Bank, N.A.,* No. 11 CV 5369, 2012 WL 1657362, at *3 (E.D.N.Y. May 7, 2012) ("Notwithstanding the liberal pleading standard afforded *pro se* litigants, federal courts are courts of limited jurisdiction and may not preside over cases if subject matter jurisdiction is lacking."). "[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte.*" *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700-01 (2d Cir. 2000) (citations omitted). Subject matter jurisdiction exists in federal court when a "federal question" is presented, *see* 28 U.S.C. § 1331, or when plaintiffs and defendants have complete diversity of citizenship and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332.

## DISCUSSION

On the civil cover sheet accompanying the complaint, plaintiff lists "diversity jurisdiction" as the basis of subject matter jurisdiction. (ECF No. 1-1.) A court may have jurisdiction based on diversity where the controversy is between "citizens of a state and citizens or subjects of a foreign state" and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a); *Bayerische Landesbank, New York Branch v. Aladdin*

*Capital Mgmt. LLC*, 692 F.3d 42, 48 (2d Cir. 2012) (diversity jurisdiction exists "between, *inter alia*, 'citizens of a State and citizens or subjects of a foreign state.'") (quoting 28 U.S.C. § 1332(a)).  There is no diversity jurisdiction in this action because neither plaintiff nor defendants Putin, Yatsenyuk, and Yanovich are citizens of the United States.  *See Universal Licensing Corp. v. Paola del Lungo S.p.A.*, 293 F.3d 579, 581 (2d Cir. 2002) ("diversity is lacking . . . where the only parties are foreign entities"); *Lee v. Trans Am. Trucking Serv., Inc.*, 111 F. Supp. 2d 135, 140 (E.D.N.Y. 1999) ("[C]ourts have consistently held that jurisdiction over suits between aliens exceeds the constitutional grant of judicial power over suits 'between a State, or the Citizens thereof, and foreign States, Citizens or Subjects.'") (quoting U.S. Const. art. III, § 2).

Plaintiff cannot assert diversity jurisdiction based on the fourth defendant, the IMF, because the IMF is immune from suit pursuant to the International Organizations Immunities Act ("IOIA").  The IOIA "explicitly provides that specified international organizations 'shall enjoy the same immunity from suit and every form of judicial process as is enjoyed by foreign governments,' except to the extent expressly waived."  *Veiga v. World Meteorological Org.*, 568 F. Supp. 2d 367, 370 (S.D.N.Y.

2008) (quoting IOIA, 22 U.S.C. § 288a(b)).[1]  The IMF is among

those organizations that have been so designated.  *See* Exec.

Order No. 9751, 11 FR 7713 (1946); *see also Polak v. Inter.*

*Monetary Fund*, 657 F. Supp. 2d 116, 121 (D.D.C. 2009) (finding

that "the [IMF] is immune under the IOIA and the instant suit

must be dismissed for want of subject matter jurisdiction").

Plaintiff does not allege that the IMF has waived immunity

afforded by the IOIA.

In the absence of diversity jurisdiction, a plaintiff

may assert "federal question" jurisdiction as a basis for

subject matter jurisdiction.  To invoke federal question

jurisdiction, a plaintiff's claims must arise "under the

Constitution, laws, or treaties of the United States."  28

U.S.C. § 1331.  The "well-pleaded complaint" rule provides that

"federal [question] jurisdiction exists only when a federal

question is presented on the face of the plaintiff's properly

pleaded complaint."  *Caterpillar Inc. v. Williams*, 482 U.S. 386,

392 (1987).  Although plaintiff states the complaint is

"[g]uided by" an unspecified "Foreign Relations Authorization

Act,"[2] plaintiff does not raise a federal question implicated by

---

[1] The scope of immunity enjoyed by foreign governments is defined by the
Foreign Sovereign Immunities Act, 28 U.S.C.A. § 1602 et seq. (1976).

[2] The complaint does not identify the "Foreign Relations Authorization Act" by
fiscal year.

the Act.  There is nothing on the face of the complaint to
suggest that the defendants violated any federal statute, or
that the complaint implicates a justiciable question involving
the U.S. Constitution, laws, or treaties of the United States.
Rather, plaintiff alleges that her rights were violated by
"unlawful actions higher [sic] officials of Russia and Ukraine."
(Compl. at 1.)

      The Universal Declaration of Human Rights, which is
referenced in the complaint, does not "impose obligations as a
matter of international law" enforceable in federal court.  *Sosa
v. Alvarez-Machain,* 542 U.S. 692, (2004); *see also United States
v. Chatman,* 351 F. App'x 740, 741 (3d Cir. 2009) ("[T]he
Universal Declaration of Human Rights is a non-binding
declaration that provides no private rights of action.").  The
United Nations Convention against Corruption, which is also
cited in the complaint, was ratified by the United States
Congress on October 30, 2006 but does not by itself confer a
private right of action in United States courts.  *See* S. Exec.
Rept., No. 109-18, at 3 (2006), UNITED NATIONS CONVENTION
AGAINST CORRUPTION (TREATY DOC. 109-6) ("The Convention does not
create a new cause of action in U.S. courts.  As the Secretary
of State explained in transmitting the Convention to the
President: '. . . The article does not restrict the right of a

State Party to decide the precise circumstances under which it will make its courts available. . . .'"); S. Comm. Rep., Resolution of Ratification, Sec. 3(b)(2), https://www.congress.gov/treaty-document/109th-congress/6/resolution-text (last visited 5/31/16) ("The United States declares that the provisions of the Convention (with the exception of Articles 44 and 46) are non-self-executing. None of the provisions of the Convention creates a private right of action."); *Flores v. S. Peru Copper Corp.,* 414 F.3d 233, 257 n.34 (2d Cir. 2003) (noting that non-self-executing treaties require implementing action in order to be suitable for judicial application, while self-executing treaties immediately create judicially enforceable rights).

Based on this court's lack of subject matter jurisdiction, the action must be dismissed pursuant to Rule 12(h)(3) and 28 U.S.C. § 1915(e)(2)(B). Although Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend shall be freely given when justice so requires, "[a] district court has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007). Plaintiff is a citizen and resident of Ukraine who is attempting to assert claims against

citizens of Russia and Ukraine.  Plaintiff proffers no evidence that her allegations have any connection to the United States. Accordingly, the court finds that granting leave to amend the complaint would be futile because there is no arguable basis for this court's subject matter jurisdiction.

## CONCLUSION

For the reasons set forth above, plaintiff's complaint is dismissed with prejudice for lack of subject matter pursuant to Federal Rule of Civil Procedure 12(h)(3) and 28 U.S.C. § 1915(e)(2)(B).  The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal.  *See Coppedge v. United States,* 369 U.S. 438, 444-45 (1962).  The Clerk of Court is directed to serve a copy of this Memorandum and Order on plaintiff, note service on the docket, enter judgment in favor of defendants, and close this case.

**SO ORDERED.**

Dated: June 1, 2016
       Brooklyn, New York

                              _____/s/_____
                              KIYO A. MATSUMOTO
                              United States District Judge